**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

-------------------------------------------------------------      **X**

**IN RE YASMIN AND YAZ (DROSPIRENONE)**      **3:09-md-02100-DRH-PMF**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**      **MDL No. 2100**


-------------------------------------------------------------

**Judge David R. Herndon**

*Amanda Thurgood, et al. v. Bayer*
*Corporation, et al.* No. 3:13-cv-10683-DRH-
PMF[1]

**HERNDON, District Judge:**

**ORDER GRANTING WITH PREJUDICE DISMISSAL PURSUANT TO CMO 79**

**INTRODUCTION**

This matter is before the Court on Bayer's motion to dismiss the claims of
the above captioned plaintiff, with prejudice, pursuant to Section III of Case
Management Order 79 ("CMO 79").  The plaintiff has filed a response (Doc. 15)
and a supplemental response (Doc. 22). Bayer has replied to both of the plaintiff's
filings (Docs. 19 and 23). Based on the record and the following, the motion is
**GRANTED**.

In her initial response, plaintiff admits she is not in compliance with
Section III of CMO 79. However, plaintiff goes on to contend that Section III of
CMO 79 never applied to her. On February 1, 2016, Bayer filed a reply in

---

[1] This Order applies only to plaintiff Cassie Ishmael.

opposition setting forth the reasons plaintiff's case is subject to the requirements of Section III of CMO 79 (Doc. 19).

In her supplemental briefing, the plaintiff continues to state that her case is not subject to the requirements of Section III (Doc. 23). However, plaintiff goes on to state that she has now (at the time of filing, more than 5 months after the December 1, 2015 deadline) taken steps to comply with Section III of CMO 79 (Doc. 23). In its reply, Bayer reiterates that the plaintiff's case is subject to Section III of CMO 79 and notes that the plaintiff's untimely *partial* compliance with CMO 79 is insufficient. The Court agrees with Bayer's analysis.

## DISCUSSION

In August 2015, Bayer and a committee of plaintiffs' counsel appointed by this Court in cooperation with the state court judges in the Pennsylvania, New Jersey and California coordinated proceedings negotiated a settlement agreement to resolve claims involving alleged arterial thromboembolism ("ATE") injuries. On August 3, 2016, the Court entered Case Management Order 76 ("CMO 76"), the ATE Settlement Implementation Order (MDL 2100 Doc. 3786).

That same day, the Court entered CMO 79, the Non-ATE Case Resolution CMO. CMO 79 applies to cases, including the above captioned case, that are not eligible to participate in the ATE settlement. CMO 79 creates two separate tracks for cases subject to its provisions: (1) settlement negotiations on a fixed schedule under Section II of the CMO for venous thromboembolism ("VTE") cases in which *both* parties agree that further negotiations would be productive, and (2) retention

and discovery obligations under Section III of the CMO for all other cases, i.e., VTE cases in which there is not an agreement that further negotiations would be productive and cases alleging injuries other than a VTE or an ATE.

Under Section II of CMO 79, any plaintiff "who believes additional efforts to settle a particular VTE case may be productive" had 60 days to notify Bayer, after which Bayer had 30 days "to respond with its view about whether additional settlement efforts would be productive." CMO 79 ¶ II.2. Section II's further requirements regarding negotiations apply only in a "case in which the parties *both agree* that additional settlement efforts would be productive." *Id*. ¶ II.3 (emphasis added).

If the parties are not in agreement, then the case is subject to the requirements of Section III of CMO 79. Pursuant to Section III.2 of CMO 79, Bayer had 50 days to identify cases it believed were subject to the requirements of Section III of the CMO. Section III.2 also instructed any plaintiffs who believe they should not have to comply with Section III to meet and confer with defendants and, if unable to reach an agreement, submit disputes to the Special Master within 21 days. Sections III.3 and III.4 of CMO 79 then gave plaintiffs 120 days from the date of the order—i.e., until December 1, 2015—to comply with certain substantive requirements, such as sending preservation notices and producing certain documents and limited expert reports. Section III.5 of CMO 79 provides that plaintiffs who do not comply with their obligations under Section III of the CMO will be subject to a motion to dismiss with prejudice.

Bayer contends (1) this case was identified as a case subject to the requirements of Section III; (2) the plaintiff did not dispute this classification; and (3) the plaintiff failed to comply with the retention and discovery obligations of Paragraph III.

Plaintiff contends that Paragraph III of CMO 79 never applied to her. Plaintiff's argument is premised on a misinterpretation of CMO 79. As previously noted, Section II's further requirements regarding negotiations apply only in a "case in which the parties *both agree* that additional settlement efforts would be productive." CMO 79 ¶ II.3 (emphasis added). In the instant case, Bayer did not agree. Accordingly, the case was subject to the requirements of Section III of CMO 79. Plaintiff's independent desire to negotiate is irrelevant under CMO 79.

In summary, the record reflects the parties did *not* agree that further settlement negotiations would be productive (and Bayer timely informed the plaintiff of its disagreement). Accordingly, the plaintiff was subject to the provisions of Section III of CMO 79 and was *not* subject to the negotiation provisions of Section II. Additionally, Bayer notified the plaintiff that her case was subject to the requirements of Section III. If the plaintiff objected to this categorization, she should have submitted the matter to Special Master Randi Ellis for resolution. Thus, the Court rejects the contention that the plaintiff was not required to comply with Section III of CMO 79.

Because the plaintiff's case is subject to the requirements of Section III of CMO 79 it must be dismissed in accord with that order. The plaintiff's untimely

*partial* compliance with Section III is insufficient. Section III.5 of CMO 79 provides that any plaintiff failing to timely comply will be subject to a motion to dismiss with prejudice. In light of the plaintiff's failure to comply, and lack of good cause for noncompliance, the motion to dismiss with prejudice is **GRANTED**.

The claims of the above captioned plaintiff are **DISMISSED WITH PREJUDICE**. The **Court DIRECTS   the Clerk to terminate plaintiff Cassie Ishmael from the docket.**

**IT IS SO ORDERED.**

**Signed this 22nd day of November, 2016.**

Judge Herndon
2016.11.22
09:49:01 -06'00'

**United States District Judge**